UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NO: 1:11-CR-00017-P-BL-3 |
| ALCADIA ERLINDA REYES | § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The magistrate judge submits this Report and Recommendation to the United States district judge pursuant to 28 U.S.C. §636(b) and the referral Order dated October 20, 2015, (Doc. 131), addressing the motion to revoke **ALCADIA ERLINDA REYES'** term of supervised release.

**I.    PROCEDURAL BACKGROUND**

**A.    Original Conviction**

On June 30, 2011, ALCADIA ERLINDA REYES (hereafter "Defendant") pleaded guilty to one count of Conspiracy to Manufacture, Possess, and Pass Counterfeit United States Currency, in violation of 18 U.S.C. § 371. (Doc. 64). On September 16, 2011, Defendant was sentenced to 18 months custody, (Doc. 92, p. 2), to be followed by a 3-year term of supervised release (Doc. 92, p. 3). Supervision commenced on August 10, 2012. (Doc. 100).

On August 2, 2013, Defendant's supervised release was revoked, and she was sentenced to 9-months custody and 18-months of supervised release. (Doc. 115). Supervision commenced on April 9, 2014. (Doc. 116).

On September 23, 2015, jurisdiction was transferred from Senior U.S. District Judge Sam R. Cummings to Chief U.S. District Judge Jorge A. Solis.

**B.     Current Revocation Proceedings**

**1)     Procedural History**

Before the Court is the Government's Motion to Revoke Supervised Release dated September 30, 2015 (Doc. 119), requesting revocation of Defendant's term of supervised release and that Defendant be ordered to serve a sentence as determined by the Court. This Motion followed a Petition of the United States Probation Office, (Doc. 116), executed September 23, 2015, requesting a violator's warrant for Defendant's arrest after violation of the conditions discussed below. The Chief District Judge ordered the issuance of a warrant on the same date. (*Id.*). The undersigned magistrate judge conducted an initial appearance on October 1, 2015. (Doc. 121). A preliminary revocation and detention hearing were set on October 15, 2015 (Doc. 124), but were terminated upon the filing of a written waiver of probable cause and detention by Defense Counsel. (Docs. 127, 128). An Order of Detention and Finding Probable Cause was entered by the magistrate judge on October 15, 2015. (Doc. 130).

**2)     Violation Allegations**

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release, specifically[1]:

**Violation of Mandatory Condition**

The defendant shall not illegally possess a controlled substance.

**Violation of Special Condition No. 2**

---

[1] Alleged violations taken from Petition for Offender under Supervision dated September 23, 2015.

The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision.

**Nature of Noncompliance**

Alcadia Erlinda Reyes (Reyes) has violated these conditions of supervised release by using and/or possessing methamphetamine in or about February 2015. On April 6, 2015, Reyes admitted, both verbally and in writing, to Senior U.S. Probation Officer Connie L. Massey (Sr. USPO Massey) that she had used methamphetamine, an illegal controlled substance, on or about February 17, 2015.

**Violation of Standard Condition No. 2**

The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

**Nature of Noncompliance**

Reyes has violated this condition of supervised release by failing to report to the U.S. Probation Office, Abilene, Texas, on July 22, 2015. Reyes was contacted on July 21, 2015, at 1357 Grape Street, Abilene, Texas, and was instructed to report the following morning at 8:00 a.m. to Sr. USPO Massey at the U.S. Probation Office in Abilene, Texas. Reyes failed to report as instructed. This visit was specifically scheduled and Reyes was advised that she was to report to leave a urine specimen.

**Violation of Standard Condition No. 6**

The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

**Nature of Noncompliance**

Reyes violated this condition of supervised release when she moved from 1201 South La Salle Drive, Abilene, Texas, on or about June 30, 2015, to 1357 Grape Street, Abilene, Texas, without providing notification to the probation officer. Reyes relocated and her whereabouts were not known until July 21, 2015, when Sr. USPO Massey went to her parent's residence at 898 Beech, Abilene, Texas, and Reyes' mother provided directions and a description to the address on Grape Street where she believed Reyes to be residing. Sr. USPO Massey and USPO Martin Hernandez, Jr., proceeded to the described location on Grape Street and subsequently located Reyes.

## Violation of Special Condition No. 1

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

## Nature of Noncompliance

Reyes violated this condition of supervised release by failing to report for counseling sessions with Cantu Counseling, Inc., a federal contract treatment provider, on April 11, June 27, and July 11, 2015. Further, Reyes failed to report to Cantu Counseling, Inc. for random drug testing as instructed on April 19, May 22, 29, and June 12, 2015. Additionally, she failed to report to Sr. USPO Massey on July 22, 2015, at the U.S. Probation Office in Abilene, Texas, for collection of a urine specimen as instructed.

Reyes was then referred to a federally contracted residential drug treatment program at the Salvation Army, Dallas, Texas, and completed the program on September 1, 2015. She was subsequently referred back to a federally contracted drug aftercare program at Kinkade Family Services, Abilene, Texas. Reyes failed to report for random drug testing with Kinkade Family Services, on September 10, 19 and 21, 2015, and failed to attend an individual counseling session with Kinkade Family Services on September 16, 2015.

### 3) Revocation Hearing

A Final Hearing on the Motion to Revoke Supervised Release was held on November 17, 2015, before the magistrate judge. Defendant was represented by Shaun Galovich; the United States was represented by Assistant United States Attorney Juanita Fielden. The proceedings were electronically recorded.

Upon call of the matter, Defendant was placed under oath. The undersigned read the allegations contained in the Government's Motion to Revoke, after which Defendant indicated that she understood the allegations. The undersigned then explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. The undersigned also informed Defendant that the presiding District Judge was not obligated to impose the sentence recommended by the magistrate judge. Defendant acknowledged

her understanding and entered a plea of true to the allegations contained in Section I.B(2) above, specifically: the Mandatory Condition that Defendant not illegally possess a controlled substance; Standard Conditions ##2 and 6; and Special Conditions #1 and 2.

**Defendant consented orally and in writing to allocution before the magistrate judge (Doc. 136).** Defendant accepted the invitation to personally allocute, saying she was sorry. She testified that she had 5 children, and that she hoped to continue pursuing her education at Cisco College. Defense Counsel offered a brief statement in mitigation, noting that Defendant was set to discharge from her previous term of supervised release 9 days subsequent to the motion to revoke. Counsel noted that Defendant suffers from severe medical conditions - including multiple sclerosis and blindness – which prohibited her from driving and, consequently, resulted in her missing drug tests. The attorney for the government declined to be heard on the issue.

## II. FINDINGS OF THE COURT

    i. The Defendant pled true to the allegations that she violated conditions of her supervised release as contained in the Government's Motion to Revoke, and set forth in Section I.B(2) above, specifically: the Mandatory Condition that Defendant not illegally possess a controlled substance; Standard Conditions ##2 and 6; and Special Conditions #1 and 2;

    ii. The Defendant was competent to make the decision to plead true to the allegations;

    iii. The Defendant had both a factual and rational understanding of the proceedings against her;

    iv. The Defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea;

    v. The Defendant was sane and mentally competent to stand trial for these proceedings and to assist her attorney in the preparation and conduct of her defense;

vi. The Defendant received a copy of the Government's Motion to Revoke, either read or had it read to her, had adequate opportunity to discuss the charges against her with her attorney, and ultimately understood the charges alleged against her;

vii. A preliminary revocation hearing was terminated based upon the waiver of Defendant to contest probable cause as to the alleged violations. An Order of Detention and Finding Probable Cause was subsequently entered by the magistrate judge;

viii. At the final revocation hearing, Defendant understood all of her statutory and constitutional rights, yet freely, intelligently, and voluntarily waived same and pled true to the allegations listed in subsection I.B(2) above; and

ix. The Defendant violated conditions of her supervised release.

## III. SENTENCING

### A. FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

i. The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

ii. The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D)[2];

iii. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section

---

[2] Pursuant to *U.S. v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. Further, the sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. *U.S. v. Tapia*, 131 S.Ct. 2382 (2011).

994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B);

iv. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and,

v. The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

### B. STATUTORY AND GUIDELINE PROVISIONS

The classification of Defendant's underlying criminal offense results in a two-year statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of three to nine months imprisonment, based upon Defendant's criminal history category of I and the admitted Grade C violations. Revocation of supervised release and a term of imprisonment not to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given Defendant's admitted violations of possession of a controlled substance and refusal to comply with drug testing. *See* 18 U.S.C. § 3583(g)(1) and (3).[3]

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the

---

[3] *See*, however, the exception contained in § 3583(d): "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(d).

original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h); s*ee also U.S. v. Jackson*, 559 F.3d 368 (5th Cir. 2009). In this case, Defendant is subject to a term of supervised release of twenty-seven (27) months, less any term of imprisonment imposed upon revocation of her supervised release.

## IV. ANALYSIS AND RECOMMENDATION

According to information provided by the U.S. Probation Office and the record on file, Defendant began her most recent term of supervised release on April 9, 2014. Upon commencement of her term of supervision, she was residing with her mother and father in Abilene, Texas. Within a short time after her release, she was able to secure independent housing in Abilene, Texas, through Housing and Urban Development (HUD). She maintained the HUD home for approximately 10 months; however, she was removed from the program for failing to comply with the housing rules and requirements. In July of 2015, she relocated to a residence in Abilene, Texas, with a boyfriend. Additionally, she was receiving assistance from the Texas Commission for the Blind and had enrolled in Cisco Junior College, Abilene Campus, taking basic college courses.

Defendant was afforded the opportunity to attend a federally contracted drug aftercare program and was recently referred to a residential program to address her continued struggle with her addiction. She completed the program on September 1, 2015. After completion of the program, she was referred back to aftercare services for the remainder of her supervision, however, she failed to attend counseling and failed to report for random drug testing, resulting in the subject petition for a violator's warrant.

Based on Defendant's continued abuse of illegal substances, her failure to comply with aftercare services and substance abuse testing, and a prior revocation of her supervised release, a sentence in the middle of the guideline range is appropriate[4]. Additionally, even though 18 U.S.C. § 3583(h) allows for a term of supervised release following revocation, such is not recommended. The statutory maximum for reimposition is 27 months, minus the current revocation sentence (a term of 21 months if the recommended term of 6 months imprisonment is imposed). It does not appear that Defendant would benefit from another term of supervised release.

Upon consideration of the foregoing, the magistrate judge **RECOMMENDS**:

(1) that Defendant be found to have **violated** the conditions of her supervised release as set forth in Section I.B(2) above, specifically the Mandatory Condition that she not illegally possess a controlled substance; Standard Conditions ##2 and 6; and Special Conditions #1 and 2;

(2) that her supervised release be **REVOKED**;

(3) that she be **SENTENCED** to the custody of the Attorney General for a period of **six (6) months**; and

(4) **that no additional term of supervised release** be imposed.

---

[4] The court has considered whether the availability of appropriate substance abuse treatment programs, or her current or past participation in such programs, warrants an exception to mandatory revocation under section 3583(g), and finds such to be unwarranted. Further, the court has taken into account the physical limitations of Defendant, but does not find that such were the cause of her failure to report for testing.

## NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 7th day of December, 2015.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE